MILLEDGE, STANLEY, Associate Judge.
Appellant sued in the Civil Court of Record of Dade County to recover $2,343.65 as the agreed price and as the value of a truck load of steel shelving sold to the ap-pellees. The plaintiff alleged both on express promise to pay an agreed price and an implied promise to pay the reasonable value of the goods received and used by the defendant.
At the conclusion of the plaintiff’s case the trial judge announced that he was about to grant the defendants’ motion for a directed verdict. To avoid this, the plaintiff took a nonsuit. A judgment accordingly against the plaintiff was entered and this appeal followed. The basis for the trial judge’s ruling was that the proof failed to show delivery of the goods. We agree that *794 a directed verdict as to Abraham Katz was proper as no case against him personally was made out. We must disagree as to the corporate defendant.
An officer of the plaintiff testified that he received over the telephone from Artie Fredel, who was connected with the defendant corporation, an order for the 1,870 steel shelves in question and that he told Fredel the cost would be $2,343.65. He also said that the president of Metal Products acknowledged to him that the 1,870 were sold.
An employee of the plaintiff testified that on April 18, 1957, she received from another employee a shipping ticket covering these steel shelves and that she sent by mail an invoice to the defendant on that date. She testified that she mailed to the defendant a statement for $2,343.65 on May 1, June 1, and July 1, 1957. The action was commenced June 21, 1957. Metal Products’ president wrote to the plaintiff on May 14, 1957, referring to “the steel shelves you sent me in April” and requesting help in securing some posts adaptable to the shelves. The president, called as an adverse witness to identify the letter, testified that his letter referred to nine shelves the plaintiff sent as a gift. On the stand he admitted receiving on April 20, 1957, a truck load of steel shelving and that the defendant paid the truck driver, George Young, $300 for hauling the steel. He did not know where the steel came from but supposed it came from another supplier, from whom no bill had ever been received even fourteen months later.
This evidence and the reasonable inferences to be drawn from it made out a prima facie case on both counts. Indeed, it would seem to require quite a bit of explanatory evidence, in view of the admissions, to overcome this evidence. Suffice it to hold that the plaintiff was entitled to take its case to the jury as to Metal Products Company. The judgment is reversed and a new trial ordered against that defendant only.
Affirmed in part and reversed in part and remanded.
CARROLL, CHAS., C. J., and HORTON, J., concur.